**Mohamed Shafi Mohamed FAROOK, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–3369–ag.**

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Markandu S. Vigneswaran, Hacienda Heights, California, for Petitioner.

Martin J. McLaughlin, Assistant United States Attorney, Northern District of Iowa, Cedar Rapids, Iowa, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, Hon. JOSÉ A. CABRANES, Circuit Judges.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Mohamed Shafi Mohamed Farook ("Farook"), a native and citizen of Sri Lanka, seeks review of a May 26, 2004, order of the BIA affirming the April 3, 2003, decision of Immigration Judge ("IJ") Roxanne Hladylowicz denying his claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Mohamed Shafi Mohamed Farook,* No. 96 253 045 (B.I.A. May 26, 2004), *aff'g* No. 96 253 045 (Immig. Ct. N.Y. City April 3, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including an insufficiency of the evidence determination, under the substantial evidence standard, treating the findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 148 (2d Cir. 2006). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

In this case, the IJ properly found that Farook failed to meet his burden of proof in establishing past persecution and a well-founded fear of persecution because he failed to submit relevant and material corroborative evidence, such as letters from his father and brother-in-law in India, proof of the existence of the tea factory where Farook worked, and letters or affidavits from the individual with whom he lived in Pennsylvania. Failure to corroborate a claim may lead to a denial based on the insufficiency of the evidence. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000). The IJ properly identified the particular pieces of missing, relevant evidence, and explained that this evidence was reasonably available to Farook. *See id.* at 289–90; *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). The IJ's finding that the documents were reasonably available to Farook is supported by substantial evidence, such that a reasonable adjudicator would not be compelled to find to the contrary. 8 U.S.C. § 1252(b)(4)(B). Farook did not provide compelling explanations for his failure to submit documents.

Because Farook's withholding and CAT claims depend upon the factual predicate that he failed to establish for asylum, those alternative claims for relief also fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).